Jonah A. Grossbardt (SBN 283584)
Matthew L. Rollin (SBN 332631)
**SRIPLAW, P.A.**
8730 Wilshire Boulevard
Suite 350
Beverly Hills, California 90211
323.364.6565 – Telephone
561.404.4353 – Facsimile
jonah.grossbardt@sriplaw.com
matthew.rollin@sriplaw.com

Attorneys for Plaintiff
GRANT HEILMAN PHOTOGRAPHY, INC.

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

### SAN DIEGO

| | |
|---|---|
| GRANT HEILMAN PHOTOGRAPHY, INC., <br><br> Plaintiff, <br><br> v. <br><br> GRAY TELEVISION, INC. and MULTIMEDIA GRAPHIC NETWORK, INC. dba MGN, <br><br> Defendants. | Case No.: '23CV0082 H   WVG <br><br> **COMPLAINT FOR COPYRIGHT INFRINGEMENT (INJUNCTIVE RELIEF DEMANDED)** <br><br> **Demand for Jury Trial** |

Plaintiff GRANT HEILMAN PHOTOGRAPHY, INC. ("GHPI") by and through its undersigned counsel, brings this Complaint against Defendants GRAY TELEVISION, INC. and MULTIMEDIA GRAPHIC NETWORK, INC. dba MGN for damages and injunctive relief, and in support thereof states as follows:

## SUMMARY OF THE ACTION

1. Plaintiff GRANT HEILMAN PHOTOGRAPHY, INC. ("GHPI") brings this action for violations of exclusive rights under the Copyright Act, 17 U.S.C. § 106, to copy and distribute its original copyrighted work of authorship.

2. GHPI has provided the world with rights-managed stock photography for over seventy years. GHPI is situated in Pennsylvania's beautiful Lancaster County farmland. Its library holds more than a half-million images in specialized subject matter, the finest selection of agriculture, natural science, horticulture, wildlife, and renewable energy imagery. In addition, its library contains a vintage collection of black and white photography from the 1920s through the 1960s, showcasing farm life during the great depression and beyond. Its library includes images from renowned photographer Grant Heilman ("Heilman"), who began marketing his imagery in 1948 after accumulating captivating photography that complimented his photojournalism career. Heilman worked hard to establish an upstanding business philosophy that drew customers worldwide. In the past half century, GHPI's library has grown to represent the collections of more than 150 professional photographers.

3. Defendant GRAY TELEVISION, INC. ("Gray TV") is a television broadcast company headquartered in Atlanta, Georgia. According to its website, Gray TV owns and/or operates television stations and leading digital properties in 113 television markets that collectively reach 36% of the U.S. television households. At all times relevant herein, owned and operated the internet websites for the following stations:

   a. KALB in central Louisiana: www.kalb.com;

   b. KWTX in central Texas: www.kwtx.com;

   c. KXII in Texoma: www.kxii.com;

   d. WBKO in Kentucky: www.wbko.com;

   e. WEAU in Wisconsin: www.weau.com;

      f.  WHSV in Virginia:  www.whsv.com;

      g.  WJHG in Florida:  www.wjhg.com;

      h.  WMTV in Wisconsin:  www.wmtv.com;

      i.  WOWT in Nebraska:  www.wowt.com.

(collectively, the "Websites").

4. Defendant MULTIMEDIA GRAPHIC NETWORK, INC., dba MGN ("MGN") is an American TV news graphic production company based out of Cardiff by the Sea, California. MGN acts as a graphic content hub for news industry professionals to download HD Graphics to use within their daily production of news stories. The company is known to supply its affiliates with a variety of graphic choices including still, animated, motion, and 3D cutouts, photos, and maps. At all times relevant herein, MGN owned and operated the internet website located at the URL https://new.mgnonline.com/ (the "Website").

5. Defendant Gray TV and Defendant MGN are collectively referred to herein as "Defendants."

6. GHPI alleges that Defendant MGN copied its copyrighted Work from the internet in order to advertise, market and promote its business activities, then distributed an edited copy of the Work to Gray TV who displayed it without authorization to support and promote its own business activities. Defendants each committed the violations alleged in the course and scope of their businesses.

## JURISDICTION AND VENUE

7. This is an action arising under the Copyright Act, 17 U.S.C. § 501.

8. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

9. Defendants are subject to personal jurisdiction in California.

10. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 1400(a) because the events giving rise to the claims occurred in this district,

3

COMPLAINT FOR COPYRIGHT INFRINGEMENT      CASE NO.:

Defendants engaged in infringement in this district, Defendants reside in this district, and Defendants are subject to personal jurisdiction in this district.

## DEFENDANTS

11.   Gray Television, Inc. is a Georgia Corporation, with its principal place of business at 4370 Peachtree Road, NE, Suite 400, Atlanta, GA 30301, and can be served by serving its Registered Agent, CT Corporation System, 289 South Culver Street, Lawrenceville, GA 30046.

12.   Multimedia Graphic Network, Inc. d/b/a MGN is a Delaware Corporation, with its principal place of business at 2533 Coast Highway 101, Ste 260, Cardiff By The Sea, CA 92007, and can be served by serving its Registered Agent, Gill Davis at the same address.

## THE COPYRIGHTED WORK AT ISSUE

13.   In 1981, Heilman created the photograph entitled "GHP-4504187.jpg," which is shown below and referred to herein as the "Work".



© Grant Heilman Photography, Inc.

COMPLAINT FOR COPYRIGHT INFRINGEMENT                                      CASE NO.:

14. Heilman created the Work, but transferred his exclusive rights in the Work to GHPI, including the right to make claims and file lawsuits relating to the Work on July 14, 1992.

15. GHPI registered the Work with the Register of Copyrights on January 12, 2001 and was assigned the registration number VA-1-023-790. The Certificate of Registration is attached hereto as **Exhibit 1**.

16. GHPI's Work is protected by copyright but is not otherwise confidential, proprietary, or trade secrets. The Work in perspective, orientation, positioning, lighting, and other details is entirely original, distinctive, and unique. As such, the Work qualifies as subject matter protectable under the Copyright Act.

17. At all relevant times GHPI was the owner of the copyrighted Work at issue in this case.

## INFRINGEMENT BY DEFENDANTS

18. Defendants have never been licensed to use the Work at issue in this action for any purpose.

19. On a date after the Work at issue in this action was created, but prior to the filing of this action, Defendants copied the Work.

20. On information and belief, Defendant MGN accessed the Work sometime in the early 2000's, then created an unauthorized derivative work of the Work by combining a portion of the Work with the partial image of a hundred-dollar bill, as shown here:

//
//
//
//
//
//



(the "Infringing Image").

21.     Upon information and belief, MGN has offered licenses of the Infringing Image to its clients since the early 2000s, and repeatedly distributed copies of the Infringing Image to those clients who selected it from the Website. These distributions occurred, upon information and belief, until at least August 19, 2020.

22.     On or about August 4, 2020, GHPI discovered the unauthorized use of its Work on nine of Gray TV's websites. Gray TV reproduced, displayed, and distributed the Infringing Image through the Websites listed in Paragraph 4, in articles entitled:

- "State farmers averaging $2,145 from farm bailout program" published November 29, 2018;
- "House passes bill to reauthorize farm programs, food aid," published December 12, 2018; and
- "Report: Farm bankruptcies up in Nebraska and Iowa," published November 4, 2019.

23.     Upon information and belief, each of the infringing uses by Gray TV was an unauthorized licensed use from Defendant MGN.

24. Defendants copied GHPI's copyrighted Work without GHPI's permission.

25. After Defendants copied the Work, they made further copies and distributed the Work on the internet to promote the sale of goods and services as part of their businesses.

26. Defendants committed copyright infringement of the Work as evidenced by the documents attached hereto as **Exhibit 2**.

27. GHPI never granted either of the Defendants permission or authority to copy, distribute or display the Work at issue in this case for any purpose.

28. GHPI never granted MGN permission or authority to create a derivative work of the Work or include it in a compilation image.

## COUNT I
## COPYRIGHT INFRINGEMENT BY MGN

29. GHPI incorporates the allegations of paragraphs 1 through 28 of this Complaint as if fully set forth herein.

30. GHPI owns a valid copyright in the Work at issue in this case.

31. GHPI registered the Work at issue in this case with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

32. MGN copied, displayed, and distributed the Work at issue in this case and made derivatives of the Work without GHPI's authorization in violation of 17 U.S.C. § 501.

33. MGN performed the acts alleged in the course and scope of its business activities.

34. MGN's acts were willful.

35. GHPI has been damaged.

36. The harm caused to GHPI has been irreparable.

# COUNT II
# COPYRIGHT INFRINGEMENT BY GRAY TV

37. GHPI incorporates the allegations of paragraphs 1 through 28 of this Complaint as if fully set forth herein.

38. GHPI owns a valid copyright in the Work at issue in this case.

39. GHPI registered the Work at issue in this case with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

40. Defendant Gray TV copied, displayed, and distributed the Work at issue in this case without GHPI's authorization in violation of 17 U.S.C. § 501.

41. Defendant Gray TV performed the acts alleged in the course and scope of its business activities.

42. GHPI has been damaged.

43. The harm caused to GHPI has been irreparable.

WHEREFORE, Plaintiff Grant Heilman Photography, Inc. prays for judgment against the Defendants Gray Television, Inc. and Multimedia Graphic Network, Inc. dba MGN that:

   a. Defendants and their officers, agents, servants, employees, affiliated entities, and all of those in active concert with them, be preliminarily and permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. § 501;

   b. Defendant MGN be required to pay Plaintiff its actual damages and Defendant MGN's profits attributable to the infringement, or, at Plaintiff's election, statutory damages, as provided in 17 U.S.C. § 504;

   c. Defendant Gray TV be required to pay Plaintiff its actual damages and Gray TV's profits attributable to the infringement;

   d. Plaintiff be awarded its attorneys' fees and costs of suit under the applicable statutes sued upon;

   e. Plaintiff be awarded pre- and post-judgment interest; and

f.  Plaintiff be awarded such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Grant Heilman Photography, Inc. hereby demands a trial by jury of all issues so triable.

DATED: January 17, 2023                Respectfully submitted,

*/s/ Jonah A. Grossbardt*
JONAH A. GROSSBARDT
MATTHEW L. ROLLIN
*Attorneys for Plaintiff Grant Heilman Photography, Inc.*