COAST LAW GROUP, LLP
David A. Peck (SBN 171854)
Ross M. Campbell (SBN 234827)
1140 South Coast Highway 101
Encinitas, CA 92024
Ph: (760) 942-8505
Email: ross@coastlaw.com

TUNNELL, LLC
Travis Tunnel (GA Bar No. 238206)
*Pro Hac Vice* Application Forthcoming
565 Brookline Drive
Marietta, Georgia 30067
Ph: (334) 744-1084
Email: tunnell@gmail.com

Attorney for Defendants
GRAY TELEVISION, INC. and MULTIMEDIA
GRAPHIC NETWORK, INC. dba MGN

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRANT HEILMAN PHOTOGRAPHY, INC.,<br><br>            Plaintiff,<br><br>v.<br><br>GRAY TELEVISION, INC. and MULTIMEDIA GRAPHIC NETWORK, INC. dba MGN,<br><br>            Defendants. | Case No.:  23cv0082-H-WVG<br><br>**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS GRAY TELEVISION, INC. AND MULTIMEDIA GRAPHIC NETWORK, INC. dba MGN**<br><br>DEMAND FOR JURY TRIAL |

     Defendants GRAY TELEVISION, INC. ("Gray") and MULTIMEDIA GRAPHIC NETWORK INC. dba MGN ("MGN") (collectively, "Defendants"), by and through their

undersigned counsel, hereby answer the Complaint of Plaintiff GRANT HEILMAN PHOTOGRAPHY, INC. ("Plaintiff"), and assert their Affirmative Defenses, as follows:

## ANSWER

1. Admitted.

2. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2.

3. Denied as stated. Defendant Gray does not own the stations. Gray owns Gray Media Group, Inc., and this wholly owned subsidiary owns all of the stations and their websites listed.

4. Admitted.

5. Admitted.

6. Denied as Stated. Defendant MGN admits that it copied the Work from the internet and that it distributed an edited copy of the Work to Gray. The remaining allegations are denied.

7. Admitted.

8. Admitted.

9. Denied.

10. Denied.

11. Admitted.

12. Admitted.

13. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13.

14. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14.

15. Defendant admits that the copyright identified in Exhibit 1 exists. Defendants are without knowledge or information sufficient to form a belief as to the truth of whether the Work is covered by this registration.

16.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16.

17.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17.

18.     Admitted.

19.     Admitted.

20.     Defendant MGN admits that in the early 2000s it copied the image from a government website, and then subsequently created a derivative of the Work by combining a portion of the Work with the partial image of a hundred-dollar bill. Defendants deny that the creation of the derivative work was unauthorized, as the Work was part of a Government publication, and thus free for use by the public.

21.     Admitted.

22.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations as stated in Paragraph 22. Defendants admit that the listed articles were published containing the Image.

23.     Defendants admit that they did not receive a license from Plaintiff. Defendants deny that Gray did not have a license from MGM to use the Work.

24.     Admitted. However, Defendant MGN acquired the Work from a federal government website, where Defendant MGN believes the work was free to copy for commercial use.

25.     Denied. Gray did not use the image to promote the sale of goods or services. The image was simply used as a visual to accompany news stories.

26.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26.

27.     Admitted.

28.     Admitted.

/ / /

/ / /

29.     Defendants acknowledge Plaintiff's incorporation by reference at Paragraph 29 of the Complaint. Defendants incorporate by reference their prior responses to the same extent.

30.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30.

31.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31.

32.     Denied. Upon information and belief, Defendant's use of the Work was noninfringing Fair Use.

33.     Admitted.

34.     Denied.

35.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35.

36.     Denied.

37.     Defendant acknowledges Plaintiff's incorporation by reference at Paragraph 37 of the Complaint. Defendants incorporate by reference their prior responses to the same extent.

38.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38.

39.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39.

40.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40.

41.     Denied as stated. Defendant Gray admits it published the Work in the course of its ordinary business activities.

42.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42.

43.     Denied.

Defendants deny Plaintiff is entitled to any of the relief sought in the Complaint.

## AFFIRMATIVE DEFENSES

Defendants allege the following affirmative defenses:

FIRST AFFIRMATIVE DEFENSE
(Failure to State a Claim)

1.     As a first, separate and distinct affirmative defense, and solely by way of an alternative defense, not to be construed as an admission or waiver of any kind, Defendants allege the Complaint fails to state facts sufficient to constitute a cause of action against any Defendant, or to state any claim upon which relief may be granted.

SECOND AFFIRMATIVE DEFENSE
(Equitable Defenses)

2.     As a second, separate and distinct affirmative defense, and solely by way of an alternative defense, not to be construed as an admission or waiver of any kind, Defendants allege Plaintiff's claims are barred in whole or in part by the doctrines of laches, waiver, estoppel and/or failure of consideration.

THIRD AFFIRMATIVE DEFENSE
(Fair Use/Non-Infringement)

3.     As a third, separate and distinct affirmative defense, and solely by way of an alternative defense, not to be construed as an admission or waiver of any kind, Defendants allege Plaintiff's claims are barred in whole or in part by the doctrines of fair use and/or because Defendants do not infringe any copyright.

FOURTH AFFIRMATIVE DEFENSE
(Lack of Personal Jurisdiction)

4.     As a fourth, separate and distinct affirmative defense, and solely by way of an alternative defense, not to be construed as an admission or waiver of any kind, Gray alleges Plaintiff's claims must be dismissed because Gray is a Georgia entity, it lacks sufficient minimum contacts with the State of California to establish personal jurisdiction, and the Complaint should be dismissed accordingly.

## FIFTH AFFIRMATIVE DEFENSE
### (Improper Venue)

5.     As a fifth, separate and distinct affirmative defense, and solely by way of an alternative defense, not to be construed as an admission or waiver of any kind, Defendants allege that venue is improper in this District and this action should be dismissed or transferred accordingly.

## RESERVATION OF RIGHTS TO ALLEGE ADDITIONAL DEFENSES

6.     Defendants reserve the right to allege additional affirmative defenses as they may become known during the course of discovery, and hereby specifically reserve the right to amend their Answer to Plaintiff's Complaint to allege said defenses at such time as they become known.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendants request that the Court enter judgment as follows:

1.     That Plaintiff take nothing by way of its Complaint and that judgment be entered in favor of Defendants on all claims stated therein;

2.     For costs of suit;

3.     For an award of Defendants' reasonable attorneys' fees to the extent recoverable by law; and

4.     For such other and further relief as the Court deems just and proper.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

## <u>DEMAND FOR JURY TRIAL</u>

Defendants demand trial by jury in this action on all issues so triable.

Dated: March 20, 2023                    Respectfully submitted,

COAST LAW GROUP LLP
<u>By: s/Ross M. Campbell</u>
ROSS M. CAMPBELL
DAVID A. PECK
Attorney for DEFENDANTS GRAY
TELEVISION, INC. and MULTIMEDIA
GRAPHIC NETWORK, INC. dba MGN
E-mail: ross@coastlaw.com

TUNNELL, LLC
Travis Tunnel (GA Bar No. 238206)
*Pro Hac Vice* Application Forthcoming
E-mail: tunnell@gmail.com